IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 12-29466 |
| | ) | |
| Patricia Jepson | ) | Chapter 7 |
| | ) | |
| Debtors. | ) | Judge: Timothy A. Barnes |
| | ) | |

| | | |
|---|---|---|
| | ) | |
| Patricia Jepson, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. No. 12-01660 |
| | ) | |
| Bank of New York Mellon f/k/a | ) | |
| The Bank of New York, as Trustee | ) | |
| for CWABS, Inc., Asset-Backed | ) | |
| Certificates, Series 2006-1 | ) | |
| | ) | |
| Defendant. | ) | |

**BANK OF NEW YORK MELLON'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS ADVERSARY COMPLAINT**

Defendant Bank of New York Mellon f/k/a The Bank of New York, as Trustee for CWABS, Inc., Asset-Backed Certificates, Series 2006-1 (hereinafter "BNYM") by and through its undersigned attorney and pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable to this proceeding by Rule 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), submits this Memorandum of Law in Support of its Motion to Dismiss (the "Motion") the Adversary Complaint (the "Complaint") filed by Plaintiff Patricia Jepson (the "Plaintiff'), In support of the Motion, BNYM respectfully states as follows:

1

## I. BACKGROUND

On December 19, 2005, Plaintiff executed a Mortgage (Exhibit A attached hereto) and Note (Exhibit B attached hereto) on the property located at 1127 N. King Arthur Ct, Palatine, Illinois 60067. *See* Exhibits A and B.  The Mortgage was later assigned from Mortgage Electronic Registration Systems, Inc., as Nominee for America's Wholesale Lender to The Bank of New York as Trustee for the Certificate Holders CWABS, Inc. Asset-Backed Certificates, Series 2006-01.  The assignment of mortgage is attached hereto as Exhibit C.  The Note was endorsed in blank and negotiated to BNYM.  *See* Exhibit B.

Plaintiff filed her Chapter 7 Voluntary Petition on July 25, 2012.  *See* 12-29466, U.S. Bankruptcy Court, N. Dist. IL, Doc. 1; *see also* Adversary Complaint, ¶4.  In Schedule A, Plaintiff listed the subject property but failed to file a Statement of Intentions with respect to the debt.[1]  On October 30, 2012, Plaintiff filed this adversary case against BNYM.  Counsel for BNYM is currently awaiting the arrival of the original note, which is being forwarded to counsel from the client.  Upon receipt, it will be available for the court to review.

## II. SUMMARY OF ARGUMENT[2]

The Plaintiff asserts two claims, both of which are premised on the flawed theory that the Originating Lender has failed to properly securitize the loan, and, therefore, that BNYM is not entitled to enforce the Note and Mortgage, and that there is no enforceable lien on the property. These claims must fail on two grounds. First, and foremost, the Plaintiff lacks standing to bring any claims which are premised on an alleged failure to comply with the terms of the Pooling and Servicing Agreement ("PSA") because the Plaintiff is neither a party to, nor a third party

---

[1] Plaintiff filed a similar case against Wells Fargo, which the court dismissed.  *See* Adv. Pro. 12-01844, U.S. Bankruptcy Court, N. Dist. IL, E. Div., Doc. 21.
[2] BNYM assumes the facts alleged in Plaintiff's Complaint as true for purposes of this Motion only, and reserves all rights to dispute the factual allegations in this proceeding.

beneficiary of the PSA. Additionally, the Plaintiff has failed to state any cognizable claim for relief because BNYM's standing to proceed under the Note and Mortgage is evident on the face of the documents themselves. As set forth in more detail below, the Complaint should be dismissed in its entirety.

### III. STANDARD OF REVIEW

*A. Dismissal for Lack of Subject Matter Jurisdiction under 12(b)(1)*

Dismissal of a party's claim for lack of subject-matter jurisdiction is appropriate "when the claim is so insubstantial, implausible, foreclosed by prior decisions of th[e Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (citation and quotation marks omitted). A motion under 12(b)(1) may seek to dismiss a claim for lack of standing. *See Retired Chicago Police Ass'n v, City of Chicago*, 76 F.3d 856, 862 (7th Cif. 1996). Standing is jurisdictional in nature, and addresses "whether the litigant is entitled to have the court decide the merits of the dispute or particular issues." *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009) (internal quotation marks omitted). A party must have suffered an injury to a legally cognizable interest in order to have standing to assert a claim. *Commercial Credit Loans, Inc. v. Espinoza*, 689 N.E. 2d 282 (I11. App. Ct. (1st Dist.) 1997). A litigant cannot assert the rights of others, and must assert his or her own legal rights. *Bank of America, National Association v. Bassman FBT, L.L.C., et al*., No. 2-11-0729, 2012 Ill. App. LEXIS 487, *13 (Ill. App. Ct. (2d Dist.) June 18, 2012).

*B. Dismissal for Failure to State a Claim under 12(b)(6)*

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *See Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7, 570 F.3d 811, 820 (7' Cir. 2009). While the Court must take all factual allegations made in a

complaint as true, the Supreme Court heightened a plaintiffs pleading requirements in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Now, in order to survive a motion to dismiss, the "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Twombly*, 550 U.S. at 555.

A plaintiff's claim must be dismissed if the claim fails to allege "enough facts to state a claim to relief that is plausible on its face such that he has nudged [his] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). In *Igbal*, the Court enunciated a two-step approach for determining whether a complaint may survive dismissal. First, a district court need not accept legal conclusions as true, as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice ...." *Id*. at 1949-50. Second, only a complaint that states a plausible claim for relief should survive a motion to dismiss, and making such a determination is a "context specific" task where the court must apply its judicial experience and common sense. *Id.* Therefore, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are not more than conclusions, are not entitled to the assumption of the truth." *Id.*

### IV. ARGUMENT

*A. Securitization Defects Cannot Constitute the Basis for Any Claim for Relief by the Plaintiff.*

In Count I, Plaintiff alleges that the Note and Mortgage were not validly assigned to the Trust because the parties to the PSA allegedly did not comply with its terms. Specifically, Plaintiff alleges that the Originating Lender did not properly assign the mortgage to the Trust.

4

However, the Plaintiff is not a party to or a third party beneficiary of the PSA, and, therefore, lacks standing to bring any claims based on the PSA.

Standing is a "jurisdiction issue[] deriving from the requirement of a case or controversy under Article III" of the United States Constitution. *Doe No. 1 v. Reed*, 697 F.3d 1235, 1238 (9th Cir. 2012) (brackets in original) (citation and quotation marks omitted). In order to have standing, a plaintiff must have suffered an "injury in fact." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Therefore, there must have been an "invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Id. (citing Allen v. Wright*, 468 U.S. 737, 751 (1984)). When the plaintiff lacks standing, the court has no subject-matter jurisdiction over the case and must dismiss it. *Mann v Calumet City, Ill.*, No. 08 CV 555, 2009 U.S. Dist. LEXIS 12192, *54 (N.D. 111. Feb. 17, 2009).

It is well settled that a plaintiff lacks standing to bring claims that are premised on the theory that the defendant has failed to comply with the terms of a pooling and servicing agreement when the plaintiff is neither a party to, nor a third party beneficiary of, the agreement. *HSBC Bank USA, NA V, Hardman*, Case No. 12-C-00481, 2013 U.S. Dist. LEXIS 11864, at *15-16 (N.D. 111. Jan. 29, 2013) ("[C]ourts have generally held that third parties do not have Standing to enforce terms of a PSA"); *Long v. One West Bank, FSB, et al*., No. I 1 C 703, 2011 U.S. Dist, LEXIS 94675, *11 (N.D. Ill. Aug. 24, 2011) (noting "to the extent that Plaintiffs seek to base claims on violations of the PSA, Plaintiffs were not parties to the PSA and lack any standing to assert such claims."); *Bassman*, 2012 Ill. App. LEXIS 487 at * 15 (holding that a borrower lacked standing to raise challenges to a foreclosure based on non-compliance with the PSA). *See also*, *Karnatcheva v. JPMorgan Chase Bank, NA*, 704 F.3d 545, 2013 U.S. App. LEXIS 1851, at *5 (8th Cir. Jan 14, 2013); *Tall v. Mortg. Elec. Registration Sys., Inc*., No. C 12-

5

05348 WHA, 2012 U.S. Dist. LEXIS 181294, *9 (N.D. Cal. Dec. 21, 2012) ("Plaintiffs lack standing to base their wrongful foreclosure claim on the theory that defendants allegedly failed to comply with the terms of the PSA because plaintiffs are neither a party to, nor a third-party beneficiary of, that agreement."); *Trinh v. Citibank, N.A*., No. 5:12-CV-03902 EJD, 2012 U.S. Dist. LEXIS 178395, *8 (N.D. Cal. Dec. 17, 2012) ("This theory of liability fails to support a plausible claim because Plaintiff lacks standing to assert a breach of the PSA."); *Ganesan v. GMAC Mortg., LLC*, No. C 12-1935 MEJ, 2012 U.S. Dist. LEXIS 148225, *12 (N.D. Cal. Oct. 15, 2012) ("[T]o the extent Plaintiff bases her claim on the theory that Defendants allegedly failed to comply with the terms of a Pooling and Servicing Agreement[], the Court notes that she lacks standing to do so because she is neither a party to, nor a third party beneficiary of, that agreement."); *McGough v. Wells Fargo Bank, N.A*., No. C 12-0050 THE, 2012 U.S. Dist, LEXIS 84327, * 14 (N.D. Cal. June 18, 2012) ("Plaintiff has not sufficiently demonstrated why the circumstances of this case give Plaintiff standing to sue for violations of the PSA's terms."); *Armeni v. America's Wholesale Lender*, 2012 U.S. Dist. LEXIS 24004, *6-8 (C.D. Cal. Feb. 24, 2012) (in granting defendant's motion to dismiss, the Court found "that plaintiff lacks standing to challenge the process by which his mortgage was (or was not) securitized because he is not a party to the PSA."); *Rodenhurst v. Bank of America*, 773 F. Supp. 2d 886, 899 (D. Haw. 2011) ("The overwhelming authority does not support a [claim] based upon improper securitization."); *Anderson v. Countrywide Home Loans*, Case No. 10-2685 2011 U.S. Dist. LEXIS 45966, *4 (D. Minn. April 8, 2011) (finding that plaintiffs lacked "standing to challenge the validity of the assignment to the Trust because they [were] not parties to the PSA"); *Greene v. Home Loan Servs., Inc.,* Case No. 09-719 2010 U.S. Dist. LEXIS 99222 (D. Minn. Sept. 21, 2010) ("Plaintiffs do not have standing to bring their challenge regarding the securitization of the

mortgage" because they were "not a party to the Pooling and Servicing Agreement"); *Edwards v. Deutsche Bank Nat'l Trust Co. (In re Edwards)*, Adv. No. 11-2505, 2011 Bankr. LEXIS 5065, *12 (Bankr. E.D. Wis. Dec. 23, 2011) (holding that Debtor lacked standing to bring a claim based on the PSA because he was neither a party to nor a third party beneficiary of the PSA).

Furthermore, "the prevailing rule is that, barring third-party beneficiary status, a litigant lacks standing to attack an assignment to which he or she is not a party." *Bassman*, 2012 Ill. App. LEXIS 487 at *15 (collecting cases).[3]  In *Bassman*, the court explained that, "while a borrower has an interest in avoiding a foreclosure, the validity of the assignment of a mortgage does not implicate that interest, as it pertains only to whom the borrower owes a debt rather than whether the debt is owed." *Id.* at * 13.

Here, Plaintiff's first claim is premised on the alleged failure of the parties to the PSA to comply with its terms. The Plaintiff, however, has not alleged that she is a party to the PSA or a third-party beneficiary of the PSA - nor can she, as the parties to this agreement are clearly set forth. Absent such an allegation, she does not have standing to pursue any claims predicated on alleged violations of the PSA or any alleged failure to securitize her loan. Furthermore, she has no standing to seek a declaratory judgment (Count I) or injunctive relief (Count II) based on a challenge to the validity of the Assignment because she is not a party to the Assignment and does not dispute her liability on the Note. Therefore, the Complaint should be dismissed in its entirety.

### *B. Plaintiff is Not Entitled to Injunctive Relief as Requested in Count II.*

"In Illinois it has been recognized that an injunction is an extraordinary remedy . . . ." *Sadat v. Am. Motors Corp.*, 470 N.E.2d 997, 1002 (Ill. 1984) (citations omitted). "When seeking injunctive relief under the common law, the party seeking a preliminary injunction or TRO must

---

[3] Where a defendant in a foreclosure proceeding can show that the assignment itself is void, and not merely voidable, he may have standing to attack the assignment. However, such an exception to the general rule is not applicable here, where the Plaintiff is seeking declaratory relief. *Bassman*, 2012 Ill. App. LEXIS 87 at *15.

7

establish facts demonstrating the traditional equitable elements that (1) it has a protected right; (2) it will suffer irreparable harm if injunctive relief is not granted; (3) its remedy at law is inadequate; and (4) there is a likelihood of success on the merits." *County of Du Page v. Gavrilos*, 834 N.E.2d 643, 649 (Ill. App. Ct. 2005). "A well-pleaded complaint praying for injunctive relief must contain on its face a clear right to relief and state facts which establish the right to such relief in a positive certain and precise manner. These factual allegations must specifically establish the inadequacy of legal remedy and the irreparable injury the plaintiff will suffer without the injunction." *Sadat v. Am. Motors Corp.*, 470 N.E.2d 997, 1002 (Ill. 1984) (citations and quotations omitted).

Plaintiff's Complaint fails to assert any discernible facts in support of her claim for injunctive relief. She has not established that her remedy at law is inadequate or that she is likely to succeed on the merits. Plaintiff hopes to prevent BNYM from collecting her defaulted loan and/or foreclosing on her property based on the bare assertions that the loan was not securitized under the Pooling and Servicing Agreement and that BNYM lacks standing—both of which she lacks standing to challenge. Plaintiff failed to meet the elements required to be entitled to injunctive relief—an extraordinary remedy—and such relief is improper in this case. Count II should be dismissed.

### *C. Further, BNYM Has Established Its Right to Enforce the Note and Mortgage.*

First, and foremost, it is important to note that the Plaintiff has not denied her liability on the Note. Further, BNYM's right to enforce the Note and Mortgage is evident based on the face of the documents that serve as the basis for the Complaint. Articles 3 and 9 of the Uniform Commercial Code establish the proper method of transferring the right to payment under a mortgage note because a mortgage note is a negotiable instrument. *Veal v. Am. Home Mortg.*

8

*Servicing, Inc. (In re Veal)*, 450 B.R. 897, 909 (9th Cir. BAP June 10, 2011). Article 3 sets forth the rules determining who may enforce obligations under a note and to whom such obligations are owed. *Id*. at 910-11.

The Note is a negotiable instrument subject to Title 3 of the Illinois Uniform Commercial Code. *See* 810 ILCS 5/3-104; *Edwards*, 2011 Bankr. LEXIS 5065 at *16-17 (holding that the mortgage note was unquestionably a negotiable instrument where it contained a "written promise to pay a fixed amount of money, it is payable at a definite time, that is on a monthly schedule, and the [n]ote does not state any other undertaking.") In *Edwards,* after finding that the debtor lacked standing to assert claims for failing to comply with the terms of the PSA, the court rejected the debtor's argument that the promissory note was not a negotiable instrument because it contained other terms regarding prepayment options and accounting issues. *Id.* Likewise, here the Note contains a written promise to pay a fixed amount of money, is payable at a definite time, on a monthly schedule. As such, it is unquestionably a negotiable instrument. *See, id.*

The most typical way to qualify as a "person entitled to enforce" a note is to become a "holder" of the note. 810 ILCS 5/3-301. A person becomes the holder of a negotiable instrument when that instrument is negotiated to that person. *See* 810 ILCS 5/3-201(a). A holder means a "person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." *See* 810 ILCS 5/1-201(b)(21). A holder, whether or not he is the owner, is entitled to enforce payment of the instrument in his own name.[4] *See* 810 ILCS 5/3-301. Albeit amongst various other arguments, Plaintiff's Adversary Complaint states that the Note was endorsed to the Trust. *See* Plaintiff's Adversary Complaint,

---

[4] Another way to achieve the status of a "person entitled to enforce" a note is by attaining the status of a "nonholder in possession of the [note] who has the rights of a holder. 810 ILCS 5/3-301(ii).

9

¶35. This endorsement to BNYM is sufficient to establish BNYM's right to enforce the Note and Mortgage.

An assignment of the Mortgage is irrelevant with respect to the ultimate question of whether or not BNYM is the real party in interest that can enforce the Note. Under the well-established rule of law that the mortgage passes as an incident to the promissory note and is not separated from it, BNYM is entitled, by virtue of its possession of the Note, to enforce its rights under the Mortgage. *Smith v. Niemann*, 266 Ill. App. 179, 185 (111. App. Ct. 1919) ("[T]he mortgage follows the notes which it secures as an incident to the principal debt."); *In re BNT Terminals, Inc.*, 125 B.R. 963, 970 (Bankr. N.D. Ill. 1990) (citing *Webb v. Hoselton*, 4 Neb. 308 (1876) ("The mortgage is a mere incident to the debt and passes with it, and nothing whatever passes by an assignment of the mortgage, without the note or debt."). *See also Thorns v. America's Servicing Co.*, Case No. 2:10-cv-00482-GMN-RJJ, 2010 U.S. Dist. LEXIS 106430 *14 (D. Nev. Oct. 1, 2010) ("The security instrument - i.e., the mortgage or deed of trust - follows the note, not the other way around."); *Weingartner v. Chase Home Fin., LLC*, 702 F. Supp. 2d 1276, 1283 (D. Nev. 2010) (quoting *Rodney v. Arizona Bank*, 836 P.2d 434, 436 (Ariz. App. 1992) ("[T]he mortgage is a mere incident to the debt and ... its transfer or assignment does not transfer or assign the debt or the note. The mortgage goes with the note. If the latter [the note] is transferred or assigned, the mortgage automatically goes along with the assignment or transfer." (quoting *Hill v. Favour*, 52 Ariz. 561, 568 (1938))); *Ord v. McKee*, 5 Cal. 515, 516 (1855) ("A mortgage is a mere incident to the debt which it secures, and follows the transfer of a note with the full effect of a regular assignment."); *Witt v. Citigroup/Consumer Fin., Inc.*, 2010 U.S. Dist. LEXIS 117915, *11 (D. Utah Nov. 5, 2010) ("transfer of the note carries with it the security, without any formal assignment or delivery, or even mention of the latter"). Thus, the

10

Case 12-01660    Doc 30    Filed 10/23/13    Entered 10/23/13 09:29:48    Desc Main
          Document      Page 11 of 11

Mortgage passed to BNYM when it became an assignee and holder of the Note. Since the Mortgage follows the Note, when the Note was endorsed to BNYM, the Mortgage was automatically transferred with the Note. Thus, BNYM meets the standing requirements to proceed under the Note and Mortgage.

WHEREFORE, for the foregoing reasons, BNYM respectfully requests that this Court: (1) grant the Motion to Dismiss; (2) dismiss Plaintiff's Complaint with prejudice; and (3) award BNYM any other relief that the Court deems just and proper.

                                    Morris, Laing, Evans, Brock & Kennedy Chtd.

                                    */s/ Justin F. Carter*
                                    Justin F. Carter (23358)
                                    Morris, Laing, Evans, Brock & Kennedy, Chtd.
                                    1 E. Wacker Drive
                                    Suite 2500
                                    Chicago, IL 60601
                                    P: 316-383-6492
                                    F: 316-383-6592
                                    jcarter@morrislaing.com

11