## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 12-29466 |
| | ) | |
| Patricia Jepson | ) | Chapter 7 |
| | ) | |
| Debtors. | ) | Judge: Timothy A. Barnes |
| | ) | |

_____

| | | |
|---|---|---|
| | ) | |
| Patricia Jepson, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. No. 12-01660 |
| | ) | |
| Bank of New York Mellon f/k/a | ) | |
| The Bank of New York, as Trustee | ) | |
| for CWABS, Inc., Asset-Backed | ) | |
| Certificates, Series 2006-1 | ) | |
| | ) | |
| Defendant. | ) | |

_____)

### BANK OF NEW YORK MELLON'S REPLY IN SUPPORT OF
### MOTION TO DISMISS ADVERSARY COMPLAINT

Defendant Bank of New York Mellon f/k/a The Bank of New York, as Trustee for CWABS,

Inc., Asset-Backed Certificates, Series 2006-1 (hereinafter "BNYM") by and through its

undersigned attorney and pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable to

this proceeding by Rule 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), submits this Reply in Support of its Motion to Dismiss (the "Motion") the Adversary

Complaint (the "Complaint") filed by Plaintiff Patricia Jepson (the "Plaintiff").  In support of the

Motion, BNYM respectfully states as follows:

### I. INTRODUCTION

The Plaintiff does not dispute that she executed and is liable on the Note. Despite this,

she attempts to evade repayment by making baseless allegations regarding BNYM's standing to

enforce the Note and Mortgage. The Plaintiff's claims are premised on the flawed theory that the loan was not properly securitized, and, therefore, that BNYM is not a creditor entitled to enforce the Note and Mortgage, and further, that there is no enforceable lien on the property. In the Motion, BNYM has set forth an abundance of authority dismissing these types of claims because the Plaintiff does not have standing to seek to enforce the PSA. The Plaintiff offers no case law in contradiction to this, but merely states that she is not attempting to enforce the terms of the PSA. The fact remains that the Plaintiff's Complaint must be dismissed because she lacks standing to assert any claims premised on an alleged failure to comply with the terms of the PSA because the Plaintiff is not a party to, nor a third party beneficiary of the PSA.  Additionally, the Plaintiff has failed to state any cognizable claim for relief because BNYM's standing to proceed under the Note and Mortgage is evident on the face of the documents themselves. Therefore, BNYM's motion to dismiss must be granted.

## II. ARGUMENT

### A. BNYM has standing, but even if it did not, Plaintiff lacks standing to make challenges based on compliance with the PSA.

First and foremost, BNYM reiterates its position that the Plaintiff lacks standing to assert the claims in the Complaint because these claims are premised on an alleged failure to comply with the terms of the PSA. The Plaintiff has not alleged that she is a party to the PSA or a third-party beneficiary of the PSA – nor can she as the parties are clearly set forth in the PSA. In Plaintiff's Response to BNYM's Motion to Dismiss, she makes no attempt to contradict the abundance of authority dismissing claims such as the Plaintiff's for lack of standing. While she makes an unsupported statement in her Response that she is not attempting to enforce the PSA, her Complaint seeks to do just that. In the Complaint, the Plaintiff claims that BNYM is not entitled to enforce the Note and Mortgage because it allegedly did not comply with the terms of the PSA. However, Plaintiff lacks standing to bring this claim, and, therefore, it should be

dismissed for the reasons set forth in the Motion.

Even if the Court were to determine that the Plaintiff has standing to proceed with claims under the PSA, the Plaintiff has failed to state a claim for which relief can be granted in the Complaint. Plaintiff's attempts to manufacture a claim in her Response should be dismissed. BNYM's right to enforce the Note and Mortgage is evident based on the face of the documents that serve as the basis for the Complaint, and, therefore, there is no need for further inquiry. Articles 3 and 9 of the Uniform Commercial Code establish the proper method of transferring the right to payment under a mortgage note because a mortgage note is a negotiable instrument. *Veal v. Am. Home Mortg. Servicing, Inc. (In re Veal)*, BAP Nos. AZ-10-1055, AZ-10-1056, 2011 Bankr. LEXIS 2359 at *24 (9th Cir. BAP June 10, 2011). Article 3 sets forth the rules determining who may enforce obligations under a note and to whom such obligations are owed. *Id.* at *25. Because BNYM has established its right to enforce the Note and Mortgage, Plaintiff's challenges to the contrary are meritless.

**B.  The Note is a negotiable instrument.**

Plaintiff claims that the Note is not a negotiable instrument because it contains instructions. Courts have routinely rejected such arguments. *See Nat'l City Bank v. Syatt Realty Group, Inc.*, 497 Fed. Appx. 465, 469 (6th Cir. 2012) (holding that instructions regarding use of collateral and prepayment penalty did not destroy the negotiability of the mortgage note); *Edwards v. Deutsche Bank Nat'l Trust Co. (In re Edwards)*, Case No. 1123195, 2011 Bankr. LEXIS 5065, *16-17 (Bankr. E.D. Wis. Dec. 23, 2011) (holding that the mortgage note was unquestionably a negotiable instrument where it contained a "written promise to pay a fixed amount of money, it is payable at a definite time, that is on a monthly schedule, and the [n]ote does not state any other undertaking" and terms regarding prepayment options and accounting issues did not destroy negotiability).

All BNYM must prove to prevail is that it is the current holder of the Plaintiff's Note because a holder is entitled to enforce payment of the instrument.  The endorsement is presumed valid under the Illinois Uniform Commercial Code and Federal Rules of Evidence. *See Edwards*, 2011 Bankr. LEXIS 5065 at \*20-21 ("[T]his is not an action to enforce the liability of the persons endorsing the instrument. Therefore, the authenticity of their signatures is properly presumed and is not subject to challenge by the debtor.")

Under Federal Rule of Evidence 902(9), the original Note and its endorsement, as commercial paper, are entitled to a presumption of authenticity. Fed. R. Evid. 902(9) ("Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following: ... Commercial paper and related documents. Commercial paper, signatures thereon, and documents relating thereto to the extent provided by general commercial law.").  In a case analogous to this one, a debtor attempted to avoid summary judgment by disputing whether the bank actually possessed the promissory note on behalf of the trust. *Rogan v. Bank One, N.A.*, 457 F.3d 561, 566 (6th Cir 2006). The court rejected the challenge because the promissory note was self-authenticating evidence under Rule 902(9). *Id.*

 Under the well-established rule of law that the mortgage passes as an incident to the promissory note and is not separated from it, BNYM is entitled, by virtue of its possession of the endorsed Note, to enforce its rights under the Mortgage. *Smith v. Niemann*, 266 Ill. App. 179, 185 (Ill. App. Ct. 1919) ("[T]he mortgage follows the notes which it secures as an incident to the principal debt."); *In re BNT Terminals, Inc.*, 125 B.R. 963, 970 (Bankr. N.D. Ill. 1990) (citing *Webb v. Hoselton*, 4 Neb. 308 (1876) ("The mortgage is a mere incident to the debt and passes with it, and nothing whatever passes by an assignment of the mortgage, without the note or debt."). Thus, the Mortgage passed to BNYM when it became an assignee and holder of the

Note.   Therefore, BNYM meets the standing requirements to proceed under the Note and Mortgage.

### C.  Plaintiff is not entitled to injunctive relief.

"In Illinois it has been recognized that an injunction is an extraordinary remedy . . . ." *Sadat v. Am. Motors Corp.*, 470 N.E.2d 997, 1002 (Ill. 1984) (citations omitted).   "When seeking injunctive relief under the common law, the party seeking a preliminary injunction or TRO must establish facts demonstrating the traditional equitable elements that (1) it has a protected right; (2) it will suffer irreparable harm if injunctive relief is not granted; (3) its remedy at law is inadequate; and (4) there is a likelihood of success on the merits." *County of Du Page v. Gavrilos*, 834 N.E.2d 643, 649 (Ill. App. Ct. 2005).   "A well-pleaded complaint praying for injunctive relief must contain on its face a clear right to relief and state facts which establish the right to such relief in a positive certain and precise manner.   These factual allegations must specifically establish the inadequacy of legal remedy and the irreparable injury the plaintiff will suffer without the injunction." *Sadat v. Am. Motors Corp.*, 470 N.E.2d 997, 1002 (Ill. 1984) (citations and quotations omitted).

Plaintiff's Complaint fails to assert any discernible facts in support of her claim for injunctive relief.   She has not established that her remedy at law is inadequate or that she is likely to succeed on the merits.   Plaintiff hopes to prevent BNYM from collecting her defaulted loan and/or foreclosing on her property based on the bare assertions that the loan was not securitized under the Pooling and Servicing Agreement and that BNYM lacks standing—both of which she lacks standing to challenge.   Plaintiff failed to plead the elements required to be entitled to injunctive relief—an extraordinary remedy—and such relief is improper in this case.

Plaintiff's Response argues that she need not plead any elements of entitlement to an injunction because she seeks an injunction pursuant to 225 ILCS 425/14(a).   Even if this were the applicable standard, which BNYM does not contend that it is, that statute covers collection

agencies—not owners of the indebtedness.  As explained in detail above, BNYM is the holder of the indebtedness, and therefore, is not acting as a collection agent.  As such, Plaintiff's argument fails and her claim for injunctive relief must be dismissed.

### III. CONCLUSION

Despite the Plaintiff's attempts to add confusion and conjecture, the issues before the Court are very straightforward. First and foremost, the Plaintiff's Complaint is premised on enforcement of the terms of the PSA.  Plaintiff lacks standing to raise such claims, and, therefore the Complaint should be dismissed in its entirety. However, even if the Court were to find the Plaintiff has standing, the Complaint fails to state a claim for relief. BNYM holds the endorsed Note. As such it has standing to proceed under the Note and Mortgage, and the Complaint should be dismissed in its entirety.

WHEREFORE, for the foregoing reasons, BNYM respectfully requests that this Court: (1) grant the Motion to Dismiss; (2) dismiss Plaintiff's Complaint with prejudice; and (3) award BNYM any other relief that the Court deems just and proper.

Morris, Laing, Evans, Brock & Kennedy Chtd.

*/s/ Justin F. Carter*
Justin F. Carter (23358)
Morris, Laing, Evans, Brock & Kennedy, Chtd.
1 E. Wacker Drive
Suite 2500
Chicago, IL 60601
P: 316-383-6492
F: 316-383-6592
jcarter@morrislaing.com

## CERTIFICATE OF SERVICE

The undersigned, an attorney of record in this cause, deposes and states on oath that he served the abovementioned documents, copies of which are attached hereto, upon the foregoing parties, by electronic transmission pursuant to Section II, B, 4 of the Administrative Procedures for the CM/ECFS on November 26, 2013 before the hour of 5:00 pm.

Morris, Laing, Evans, Brock & Kennedy Chtd.

*/s/ Justin F. Carter*
Justin F. Carter (23358)
Morris, Laing, Evans, Brock & Kennedy, Chtd.
1 E. Wacker Drive
Suite 2500
Chicago, IL 60601
P: 316-383-6492
F: 316-383-6592
jcarter@morrislaing.com